

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00608-CR

| | | |
|---|---|---|
| Eric James Tomchik, Jr. | § | From the 371st District Court |
| | § | of Tarrant County (1096754D) |
| v. | § | January 31, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed.  It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-12-00608-CR

ERIC JAMES TOMCHIK, JR.                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Eric James Tomchik Jr. pled guilty to indecency with a child by contact, and the trial court convicted him and sentenced him to fourteen years' confinement. The trial court imposed the sentence on October 24, 2008. Appellant did not file a motion for new trial, so

---

[1]*See* Tex. R. App. P. 47.4.

his notice of appeal was due November 24, 2008.[2]  But the notice of appeal was not filed until November 30, 2012; thus, it was untimely.

Accordingly, we informed Appellant by letter on December 14, 2012, that this appeal was subject to dismissal unless he or any party desiring to continue the appeal filed a response showing grounds for appeal.  Appellant filed a response, but it does not provide grounds for continuing this appeal.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.[3]  The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, this court cannot exercise jurisdiction over an appeal.[4]  Because Appellant's notice of appeal was untimely filed, we dismiss this case for want of jurisdiction.[5]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 31, 2013

---

[2]*See* Tex. R. App. P. 26.2(a)(1).

[3]*See* Tex. R. App. P. 26.2(a)(2); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

[4]*Castillo*, 369 S.W.3d at 198; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

[5]*See* Tex. R. App. P. 26.2(a)(1), 43.2(f).